UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NAUTOR SWAN GLOBAL SERVICE, S.L.,<br><br>    Plaintiff,<br><br>v.<br><br>S/V RED SKY, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*.<br><br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§  Civil Action No.<br>§<br>§<br>§ |

**VERIFIED COMPLAINT**

Plaintiff, NAUTOR SWAN GLOBAL SERVICE, S.L. ("NSGS"), files this Verified Complaint against the S/V RED SKY, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, stating admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Admiralty and Maritime Claims.

In support of its Verified Complaint, NSGS respectfully avers as follows:

**I.
PARTIES**

1.    At all material times, Plaintiff, NSGS, was and now is a Spanish company, organized under the laws of Spain, with its registered office in Barcelona, Spain, and appearing within the jurisdiction of this Honorable Court.

2.    At all material times, defendant, the Sailing Vessel, RED SKY, a Swan 100, ("the Vessel") was and now is a foreign vessel, built in 2003, bearing Maritime Mobile Service Identity ("MMSI") No. 319888000. The *in rem* defendant vessel is now or will during the pendency of this lawsuit be, located within this District of Rhode Island and the jurisdiction of this Honorable Court.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1333 because this action is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

4. Venue is proper in this district pursuant to 28 USC § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. Alternatively, venue is proper under 28 U.S.C. § 1391 (b)(3).

5. Venue is further proper in this District because the Vessel is located or will soon be located within this District, in accordance with 28 U.S.C. §1391(b), and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## III.
## STATEMENT OF FACTS

6. At all material times, Red Sky Investments, Ltd. ("Red Sky") operated, owned or served as owner pro hac vice of the Vessel.

7. NSGS has provided the Vessel with various necessary repairs, materials, and services at its shipyard in Badalona, Spain. These repairs performed were approved by Red Sky, as they were essential to and necessary for the operation of the Vessel and accomplishment of its mission, and which were requested on order of the Vessel and Red Sky.

8. NSGS provided the Vessel with necessary repairs, materials, and services over the course of several months. Such orders were placed by the Vessel's Master and/or Red Sky as the case may be on behalf of the Vessel.

9. As was the usual and customary course of dealings between NSGS and Red Sky and the Vessel, following the requested repairs, materials, and services, NSGS submitted various invoices to Red Sky related to the work performed on the Vessel.

10. NSGS has demanded that Red Sky pay these invoices for the repairs, materials, and services provided to the Vessel.

11. Red Sky has acknowledged this debt for the unpaid invoices and entered into a Debt Recognition Agreement with NSGS reflecting their recognition of their indebtedness to NSGS. (Debt Recognition Agreement attached hereto as **Exhibit A**).

12. Under this Agreement, the parties agreed that Red Sky and the Vessel owe NSGS payment for these unpaid invoices, which add up to a principal sum of €324,943.08.

13. Under this Agreement, Red Sky and the Vessel are obligated to pay costs and attorney's fees incurred by NSGS.

14. Pursuant to this Agreement, Arnulf Damerau agreed to be a guarantor for the unpaid invoices and related costs and attorney's fees.

15. Pursuant to this Agreement, the Vessel, Arnulf Damerau and/or Red Sky owes NSGS approximately €324,943.08, for repairs, materials, and services provided to the Vessel, which amount Red Sky, the Vessel, and Arnulf Damerau has failed to timely pay.

16. After the Debt Recognition Agreement was executed, NSGS provided additional services to the Vessel and Red Sky which totaled an additional sum of €119,094.30, over and above the amounts already owed under the Debt Recognition Agreement. (Additional Invoice Summary attached hereto as **Exhibit B**).

17. In addition, NSGS incurred €30,158.45 in costs for legal services in Spain related to the unpaid invoices. (See **Exhibit B**)

18. In total, Red Sky, Arnulf Damerau and the Vessel owes NSGS, as of this filing, approximately FOUR HUNDRED SEVEN-FOUR THOUSAND AND ONE HUNDRED AND NINETY-FIVE Euros and EIGHTY-THREE cents (€474,195.83), exclusive of costs, interests, and attorney fees for U.S. counsel.

19. Despite numerous amicable demands and upon notice of monies owed by Red Sky and the Vessel and requests for payment of the aforementioned charges, the debt has not been paid. In order to avoid payment of the debt for goods and services rendered for its account, the Vessel, a luxury sailing yacht, sailed from Europe and across the Atlantic to Rhode Island. Red Sky, Arnulf Damerau and the Vessel are justly indebted to NSGS for the damages as aforesaid and as to be shown more particularly at trial.

## IV.
## CAUSES OF ACTION

### COUNT 1
### MARITIME LIEN FOR NECESSARIES

20. Paragraphs 1 - 19 are incorporated herein as if set forth in full.

21. NSGS is the holder of a maritime lien against the Vessel, and is legally entitled to seize said Vessel pursuant to its rights under the general maritime law and admiralty laws of the United States and have it sold to satisfy any judgment which might be rendered in this matter.

22. NSGS has provided repairs, materials, and services to the Vessel, i.e. "necessaries," on the order of the owner, operator, owner *pro hac vice*, or from one acting with and under the authority of the owner, which services and supplies constitute necessaries under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31342 as defined in 46 U.S.C. § 31301.

23. NSGS has the right to enforce its maritime lien against the Vessel to recover for the non-payment for necessaries, damages sustained, and for all other such legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

24. NSGS further requests that all expenses incurred in the safekeeping of the Vessel be declared to be *custodia legis* expenses, including but not limited to all expenses associated with docking the Vessel and maintaining the state of the Vessel following arrest, and that such expenses be paid prior to the release of the Vessel or distribution of proceeds of the sale.

25. NSGS reserves the right to amend any article of this Verified Complaint as facts become better known.

*COUNT II*
*NOTICE*

26. Paragraphs 1- 25 are incorporated herein as if set forth in full.

27. Pursuant to the United States Code and the Local Rules of this Honorable Court, notice of these proceedings must be given to the owner or master of the Vessel and all persons who have recorded lien(s) with the U.S. Coast Guard, and NSGS requests that this Honorable Court order such notification to be made to such persons by certified mail, delivered to their last known address on file with the United States Coast Guard.

28. An Affidavit by NSGS's authorized representative verifying the facts of this Complaint is attached as **Exhibit C**.

29. NSGS agrees to release and hold harmless, and indemnify the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, from any and all liability or responsibility for claims arising from the arrest or attachment of the Vessel.

PRAYER

**WHEREFORE**, Plaintiff, NSGS, respectfully requests:

a. That NSGS's Maritime Lien, be declared to be a valid and existing lien upon the S/V RED SKY her engines, tackle, furniture, apparel, appurtenances, etc., in the preferred position described therein and thereby conveyed and transferred, prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever, except such persons, firms or corporations as may hold preferred maritime liens on said vessel;

b. That a warrant for the arrest of S/V RED SKY, her engines, tackle, furniture, apparel, appurtenances, etc., *in rem*, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, be issued, and that all persons having or claiming any interest therein be cited to appear in and answer, under oath, all and singular the matters aforesaid, and that the S/V RED SKY, her engines, tackle, furniture, apparel, appurtenances, etc., be seized and sold to satisfy the amounts owed to NSGS, as set forth herein;

c. That this Honorable Court issue a final judgment against the S/V RED SKY *in rem,* in the full amount due as set forth herein, including prejudgment interest, costs, expenses and attorneys' fees;

d. That the United States Marshal for this District arrest the S/V RED SKY which may come within the jurisdiction of this Honorable Court and maintain custody over it until such a time as the claimant thereto posts security sufficient in form and amount to secure NSGS' claim herein;

  e.  That any property arrested in this proceeding be sold under the direction of this Honorable Court and that the proceeds of the sale be brought into the Court to satisfy all monies owed to NSGS as set forth herein;

  f.  That notice of these proceedings be given to the masters of the S/V RED SKY; and

  g.  That this Honorable Court grant NSGS such other and further relief which it may deem just and proper.

Dated: October 27, 2022

                  Respectfully submitted,
                  *"/s/ Kirby L. Aarsheim"*
                  Kirby L. Aarsheim (Bar No.: 8368)
                  FARRELL SMITH O'CONNELL
                  AARSHEIM APRANS LLP
                  55 Pine Street, Second Floor
                  Providence, Rhode Island 02903
                  401-477-4187 (Tel)
                  508-989-1821 (Tel)
                  kaarsheim@fsofirm.com