UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NAUTOR SWAN GLOBAL SERVICE, S.L. | : <br> : <br> : |
| v. | :    C.A. No. 22-00386-JJM |
| | : |
| S/V RED SKY, her engines, tackle, furniture, apparel, appurtenances, etc., in rem | : <br> : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Defendant S/V Red Sky's Motion to Dismiss for Lack of Jurisdiction and to Vacate Arrest of Vessel. (ECF No. 14). Plaintiff filed an Opposition. (ECF No. 15). Defendant filed a Reply. (ECF No. 17). A hearing was held on November 21, 2022. For the following reasons, I recommend that Defendant's Motion be DENIED.

**Background**

Plaintiff recently initiated this admiralty action by Verified Complaint seeking to enforce a maritime lien for necessaries against the S/V Red Sky (the "Vessel") pursuant to 46 U.S.C. § 31342. Plaintiff alleges that it provided approximately 324,943.08 € in unpaid necessaries to the Vessel. This unpaid debt is the subject of a Debt Recognition Agreement dated September 20, 2021. (ECF No. 1-1). The parties to such Agreement agreed that the debt is unpaid and owed to Plaintiff and that it is "corresponding to the materials, works done and services provided in relation to the Vessel." Id. Plaintiff also alleges that, after

the Agreement was executed, it provided an additional 119,094.30 € in unpaid services to the Vessel. (ECF No. 1-2). Plaintiff alleges that it is the holder of a maritime lien against the Vessel for the total amount of these unpaid necessaries and seeks by this action to arrest the Vessel and enforce its maritime lien.

**Discussion**

Defendant seeks dismissal for lack of admiralty subject matter jurisdiction. First, it argues that the Debt Recognition Agreement is a land-based financial agreement between two corporations (Plaintiff and Red Sky Investments, Ltd.), and thus is not a maritime contract subject to this Court's admiralty jurisdiction. Second, it argues that Plaintiff's secondary claim for unpaid necessaries after the date of the Agreement is not stated with sufficient particularity. Neither of Defendant's arguments are persuasive.

Defendant's first argument is based on a flawed premise. This is not an action brought for breach of a maritime contract. It is an action to enforce a maritime lien which arises by operation of law under the Federal Maritime Lien Act, 46 U.S.C. § 31342. Thus, whether or not the Debt Recognition Agreement is a maritime contract is irrelevant. See Newport News Shipbuilding & Dry Dock Co. v. SS INDEPENDENCE, 872 F. Supp. 262, 266 (E.D. Va. 1994) ("An action to enforce a maritime lien in rem against a vessel is distinct from an action for breach of contract brought against a shipowner in personam."). Plaintiff references the Agreement in its Verified Complaint as part of the factual history and presumably in direct support of its argument that there is an acknowledged and unpaid debt for necessaries provided to the Vessel which triggers a maritime lien.

Further, there is nothing in the Agreement or the pleadings to suggest that Plaintiff waived its maritime lien for unpaid necessaries. The law requires a clear and deliberate intention to waive enforceable lien rights. See P.R. Ports Auth. v. BARGE KATY-B, 427 F.3d 93, 105 (1st Cir. 2005); Newport News, 872 F. Supp. at 267. In an attempt to avoid this heavy burden, Defendant asserts that it is not claiming waiver, and argues instead that Plaintiff "substituted" the Agreement for its maritime lien and "transformed" the debt into a financial instrument with more favorable terms. (ECF No. 17 at pp. 1-2). However, despite the creative wordsmithing, Defendant is essentially arguing that Plaintiff gave up or waived its maritime lien when it entered into the Agreement, and there is simply no basis upon which to find such a waiver in this case. The Agreement is completely silent on the issue of liens or waivers. It simply acknowledges the unpaid debt for necessaries and contains an installment payment schedule. The fact that the Agreement also includes a personal guarantee provision does not reasonably infer that Plaintiff accepted those agreements as a waiver and substitution of its maritime lien security against the Vessel. In fact, the timing suggests that the Agreement may have been negotiated to induce Plaintiff to provide further necessaries to the Vessel despite the prior unpaid invoices.

Defendant's final argument warrants little discussion. Since the Verified Complaint, as a whole, clearly states a valid claim to enforce a maritime lien, the argument that approximately 25% of the claimed debt for necessaries is not stated with sufficient particularity is not grounds to dismiss the entire action and vacate the arrest of the Vessel. Plaintiff has sufficiently supported its claim at this stage of the proceedings, and Defendant can garner further details as to some of the charges through the discovery process.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Dismiss For Lack of Jurisdiction and to Vacate Arrest of Vessel (ECF No. 14) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
November 21, 2022