UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NAUTOR SWAN GLOBAL SERVICE, S.L. | : : : | |
| v. | : : | C.A. No. 22-00386-JJM |
| S/V RED SKY, her engines, tackle, furniture, apparel, appurtenances, etc., in rem | : : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) are Plaintiff Nautor Swan Global Service, S.L.'s Motion for Order Authorizing the Issuance of a Writ of Attachment and Garnishment (ECF No. 35) and Defendant S/V Red Sky's Counter Motion to Dismiss for Lack of Jurisdiction. (ECF No. 37). Plaintiff filed an Opposition. (ECF No. 39). Defendant filed a Reply. (ECF No. 40). A hearing was held on June 15, 2023. For the following reasons and as provided herein, I recommend that Plaintiff's Motion to Attach (ECF No. 35) be GRANTED and Defendant's Motion to Dismiss (ECF No. 37) be DENIED. I also recommend that Defendant be ORDERED sua sponte to AMEND Count Two of its Counterclaim as directed herein.

**Background**

Plaintiff initiated this admiralty action by Verified Complaint to enforce a maritime lien for necessaries against the S/V Red Sky (the "Vessel") pursuant to 46 U.S.C. § 31342. Plaintiff alleges that it provided approximately €324,943.08 in unpaid necessaries to the Vessel. This unpaid debt is the subject of a Debt Recognition Agreement dated September 20, 2021 between

Plaintiff and the Vessel's Owner, Red Sky Investments, Ltd (the "Owner"). (ECF No. 1-1). The parties to such Agreement agreed at the time that the debt was unpaid[1] and owed to Plaintiff and that it is "corresponding to the materials, works done and services provided in relation to the Vessel." Id. Pursuant to the Agreement, the debt was also personally guaranteed by Mr. Arnulf Damerau. Id. Plaintiff further alleges that, after the Agreement was executed, it provided an additional €119,094.30 in unpaid services to the Vessel. (ECF No. 1-2). Plaintiff brought this action to arrest the Vessel and enforce its maritime lien for the total amount due for such necessaries.

The Vessel was arrested by this Court on October 28, 2022. By Order dated November 30, 2022, the Vessel was released from arrest based upon the posting of alternate financial security by Defendant in the amount of $750,000.00. (ECF No. 24). By Order dated December 6, 2022 and absent any timely objection filed, Chief Judge McConnell adopted my Report and Recommendation (ECF No. 19) denying Defendant's Motion to Dismiss for Lack of Jurisdiction and concluding that Plaintiff's Verified Complaint stated a valid claim to enforce a maritime lien pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31342.

Since that ruling, in rem Defendant S/V Red Sky filed a two-count Counterclaim for (1) Wrongful Arrest; and (2) Breach of Contract (including unauthorized work, overcharges, and damaged materials) related to the work performed by Plaintiff on the Vessel. (ECF No. 33). Although the Vessel Owner is not formally named as a party counter-plaintiff, the claims in Count Two of the Counterclaim are effectively brought by or on behalf of the Owner because they arise out of an alleged "contract" between the parties and certain communications regarding the work between agents of Plaintiff and Mr. Damerau "of Red Sky." Id. at ¶¶ 37-44. Since an asset such

---

[1] The Agreement provided that the Owner would make six installment payments to Plaintiff totaling €320,000 and it appears undisputed that none of the installment payments were ever made. (ECF No. 1-1 at p. 2).

as the Vessel does not itself have the legal capacity to enter into a contract, it follows that it has no standing to claim breach of contract.  Plaintiff countered shortly thereafter by amending its Verified Complaint to add a purported Rule B <u>in personam</u> claim for breach of contract directly against Red Sky Investments, Ltd., as the registered owner of the Vessel.  (ECF No. 34).  It asserts that its contract claim against the Owner is properly brought here because it was the <u>in rem</u> Defendant Vessel that first presented the contract claim to this Court alleging a breach of the agreement between Plaintiff and the Owner, and that the Owner is, of course, an indispensable party to the resolution of that contract dispute.  <u>Id.</u> at p. 3; <u>see also</u> Rule 19, Fed. R. Civ. P.

**Discussion**

Defendant seeks dismissal of this action for lack of subject matter jurisdiction and the return of its posted security.  It argues that Spanish law applies to this contract dispute, that Spanish law does not authorize a maritime lien under these circumstances, and, thus, the arrest of the Vessel was wrongful.  Defendant relies heavily on <u>Swedish Telecom Radio v. M/V Discovery</u>, 712 F. Supp. 1542 (S.D. Fla. 1988).  It also argues that Plaintiff should not be allowed to manufacture Rule B <u>in personam</u> jurisdiction over the Vessel Owner based on the security it posted solely as the result of the wrongful arrest of the Vessel.  Plaintiff counters that Federal maritime law, and not Spanish law, applies and that it validly arrested the Vessel pursuant to Rule C as this Court has held.  It alternatively argues that, even if Spanish law applies, it still had the legal right to arrest the Vessel based on its claim for unpaid necessaries and repairs.

First, as to Defendant's Rule 12 challenge to the validity of the initial Rule C arrest, that issue was previously litigated in this case and decided against Defendant.  By Order dated December 6, 2022 and absent any timely objection filed, Chief Judge McConnell adopted my Report and Recommendation (ECF No. 19) denying Defendant's prior Motion to Dismiss for Lack

of Jurisdiction and concluding that Plaintiff's Verified Complaint stated a valid claim to enforce a maritime lien pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31342.

Second, even though it appears likely that Spanish law will apply to the substantive legal issues ultimately to be litigated in this case,[2] this Court has previously held that § 31342 "'imposes no restriction on the nationality or other identity of the supplier or the vessel, and no geographic restriction on the place of provision of the necessaries.'" The Royal Bank of Scotland v. M/T Stavrodromi, No. 11-372ML, 2013 WL 1343538 at *5 (D.R.I. Feb. 12, 2013), Report and Recommendation adopted sub nom, 2013 WL 1343558 (D.R.I. April 2, 2013) (quoting Trans-Tec Asia v. M/V Harmony Container, 518 F.3d 1120, 1129 (9th Cir. 2008)).  Thus, the choice of law issue and the availability of a maritime lien and arrest process under Spanish law are simply not material to the validity of the Rule C arrest that took place in this case after the Owner chose to bring the Vessel to this District.

Third, Defendant objects to Plaintiff's request to utilize Rule B to attach the security already posted by Defendant and held in the Court's Registry and to use that attachment as the jurisdictional basis for an in personam breach of contract/quantum meruit claim directly against the Vessel Owner.  Defendant's argument is primarily based on its challenge to the validity of Plaintiff's initial Rule C arrest.  However, as noted above, I reject that challenge.  Further, Plaintiff's submissions in support of its Rule B claim show that it meets the prerequisites for such a claim.  (See, ECF Nos. 35 and 39).  Thus, I recommend that the Court (1) GRANT Plaintiff's Motion to Attach (ECF No. 35) and issue an Order providing that the $750,000.00 posted by

---

[2] This dispute arises out of work done on the Vessel by a Spanish company at a boatyard in Spain and purportedly pursuant to Plaintiff's standard terms in a form agreement containing a Spain choice of law clause.  Even if the form agreement was never executed and agreed to by the parties, the Lauritzen choice of law factors plainly lean towards Spain as the applicable law.  See Atl. Power & Elec. Co. v. The Big Jake and Safer Tug & Barge, LLC, 583 F. Supp. 3d 631, 636-638 (D.N.J. 2022) (applying Lauritzen v. Larsen, 345 U.S. 571 (1953)).

Defendant as security for Plaintiff's maritime lien claim (Count I) is also attached as security for Plaintiff's related Rule B breach of contract/quantum meruit claim against the Vessel Owner (Count III); and (2) DENY Defendant's Motion to Dismiss (ECF No. 37).

Finally, Defendant's Counterclaim (ECF No. 33) and its briefs (ECF Nos. 37 and 40) contain an embedded request for an Order requiring Plaintiff to post countersecurity pursuant to Rule E(7). Rule E(7) requires the posting of countersecurity for a counterclaim "that arises from the transaction or occurrence that is the subject of the original action." The transaction or occurrence in this case that is the subject of the original action is the work performed by Plaintiff on the Vessel and the payments made or not made for such work, and it is not the claimed wrongful arrest. Defendant here appears to request countersecurity solely as to Count One of its counterclaim for wrongful arrest damages (ECF No. 33 at p. 4), and its counsel conceded at the hearing that Rule E(7) countersecurity was not available for such claimed wrongful arrest damages. See Incas & Monterey Printing & Packaging, Ltd. v. M/V Sang Jin, 747 F.2d 958, 964-966 (5th Cir. 1984). Defendant has also brought a breach of contract counterclaim (Count Two) alleging unauthorized work, overcharges and unspecified "damaged materials."[3] Id. at p. 7. While Defendant may be entitled to Rule E(7) countersecurity for that counterclaim, it has not made a properly supported motion for such relief. In addition, it appears that such counterclaim has been improperly presented to the Court by the Vessel and not the Owner who is the actual party-in-interest with standing to pursue a breach of contract action against Plaintiff. Accordingly, I recommend that the Court ORDER that Defendant promptly AMEND its Counterclaim to

---

[3] The amount of the alleged overcharge is unclear from Defendant's Counterclaim. (ECF No. 34 at pp. 6-7). Since it is undisputed that the Owner did not make the installment payments agreed to in the Debt Recognition Agreement, it is unclear to what extent the Owner is alleging overbilling as opposed to actual out-of-pocket overpayments. Finally, Defendant claims that Plaintiff "damaged materials" while working on the Vessel but provides no specificity in the Counterclaim as to the nature and value of such damaged materials.

substitute the Owner as the proper Count Two Counterclaimant or risk dismissal of that counterclaim for lack of standing.

**Conclusion**

For the foregoing reasons and as provided herein, I recommend that Plaintiff's Motion to Attach (ECF No. 35) be GRANTED and Defendant's Motion to Dismiss (ECF No. 37) be DENIED.  I also recommend that Defendant be ORDERED sua sponte to AMEND Count Two of its Counterclaim as directed herein.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 25, 2023