UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NAUTOR SWAN GLOBAL SERVICE, S.L. | : <br> : <br> : |
| v. | :    C.A. No. 22-00386-JJM |
| | : |
| S/V RED SKY, her engines, tackle, furniture, apparel, appurtenances, etc., in rem and Red Sky Investments, Limited, in personam | : <br> : <br> : <br> : <br> : |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) are Plaintiff Nautor Swan Global Service, S.L.'s Motions to Dismiss Counterclaims and to Strike Request for Rule E(7) Countersecurity.  (ECF Nos. 65 and 66).  Defendant filed Oppositions to both Motions.  (ECF Nos. 72 and 73).  Plaintiff filed Replies.  (ECF Nos. 74 and 75).  A hearing was held on November 27, 2023.  For the following reasons and as provided herein, I recommend that Plaintiff's Motions be DENIED.

### Background

Plaintiff initiated this admiralty action by Verified Complaint to enforce a maritime lien for necessaries against the S/V Red Sky (the "Vessel") pursuant to 46 U.S.C. § 31342.  Plaintiff alleges that it provided approximately €324,943.08 in unpaid necessaries to the Vessel.  This unpaid debt is the subject of a Debt Recognition Agreement dated September 20, 2021 between Plaintiff and the Vessel's Owner, Red Sky Investments, Limited (the "Owner").  (ECF No. 1-1).

The parties to such Agreement agreed at the time that the debt was unpaid[1] and owed to Plaintiff and that it is "corresponding to the materials, works done and services provided in relation to the Vessel." Id.  Pursuant to the Agreement, the debt was also personally guaranteed by Mr. Arnulf Damerau. Id.  Plaintiff further alleges that, after the Agreement was executed, it provided an additional €119,094.30 in unpaid services to the Vessel.  (ECF No. 1-2).  Plaintiff brought this action to arrest the Vessel and enforce its maritime lien for the total amount due for such necessaries.

The Vessel was arrested by this Court on October 28, 2022.  By Order dated November 30, 2022, the Vessel was released from arrest based upon the posting of alternate financial security by Defendant in the amount of $750,000.00.  (ECF No. 24).  By Order dated December 6, 2022 and absent any timely objection filed, Chief Judge McConnell adopted my Report and Recommendation (ECF No. 19) denying Defendant's Motion to Vacate Arrest and Dismiss for Lack of Jurisdiction and holding that Plaintiff's Verified Complaint stated a valid claim to enforce a maritime lien pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31342.

On March 17, 2023, Defendant S/V Red Sky unsuccessfully renewed its jurisdictional challenge in a second Motion to Dismiss arguing that Spanish law applies and does not allow for this in rem action, and that the original vessel arrest was, thus, wrongful.  (ECF No. 37).  The Court rejected Defendant's argument that the requirement to post security in this action was "wrongful and illegally required."  Id. at p. 4.  By Order dated August 16, 2023, Chief Judge McConnell adopted (over Defendant's Objection (ECF No. 59)), my recommendation that the second Motion to Dismiss be denied.  (ECF No. 57).  In that recommendation, it was noted that, although Spanish law will likely apply to the substance of this contract dispute, "the choice of law issue and the

---

[1]   The Agreement provided that the Owner would make six installment payments to Plaintiff totaling €320,000 and it appears undisputed that none of the installment payments were ever made.  (ECF No. 1-1 at p. 2).

-2-

availability of a maritime lien and arrest process under Spanish law are simply not material to the validity of the Rule C arrest that took place in this case after the Owner chose to bring the Vessel to this District." (ECF No. 57 at p. 4).

On August 31, 2023, Defendant Red Sky Investments, Limited filed a two-count Amended Counterclaim for (1) Wrongful Arrest; and (2) Breach of Contract (including unauthorized work, overcharges, faulty workmanship, and damaged materials) related to the work performed by Plaintiff on the Vessel. (ECF No. 64). Plaintiff has attacked that Counterclaim in the instant Motions.

**Discussion**

First, Plaintiff moves to dismiss Defendant's wrongful arrest Counterclaim based on the law of the case doctrine. Count One of Defendant's Counterclaim relies upon Spanish law to assert that the initial Rule C Vessel arrest in this case was "unlawful and wrongful." (ECF No. 64 at p. 3). Defendant asserts that Plaintiff failed to disclose to the Court that its "contract terms stipulate Spanish law governs" and that Plaintiff knew that Spanish law did not allow the maritime lien relied upon by it to arrest the Vessel in this jurisdiction. Id. The law of the case doctrine generally provides that a legal ruling made at one stage of a case should control throughout the litigation, unless altered by a higher court. See Negrón-Almeda v. Santiago, 579 F.3d 45, 50-51 (1st Cir. 2009). However, as pointed out by Defendant, "[i]nterlocutory orders, including denial of motions to dismiss, remain open to trial court consideration, and do not constitute law of the case." Pérez-Ruiz v. Crespo-Guillén, 25 F.3d 40, 42 (1st Cir. 1994).

Here, the validity of the arrest has been previously litigated in the Rule 12 context, and the Court has twice rejected motions to vacate the arrest and dismiss this case. By Order dated December 6, 2022 and absent any timely objection filed, Chief Judge McConnell adopted my

Report and Recommendation (ECF No. 19) denying Defendant's prior Motion to Vacate Arrest and Dismiss for Lack of Jurisdiction and concluding that Plaintiff's Verified Complaint stated a valid claim to enforce a maritime lien pursuant to the Federal Maritime Lien Act, 46 U.S.C. § 31342.  More recently, on August 16, 2023, Chief Judge McConnell overruled Defendant's Objection and adopted my Report and Recommendation (ECF No. 57) that Defendant's second Motion to Dismiss also be denied.  That Motion was a Rule 12(b)(1) challenge to this Court's subject matter jurisdiction over Plaintiff's Complaint.

Applying the law of the case doctrine, this Court concludes that those prior Rule 12 motion denials do not require dismissal of Defendant's wrongful arrest counterclaim.  Count One of Defendant's Counterclaim alleges a facially plausible wrongful arrest claim that withstands scrutiny at this stage of the proceedings under Rule 12(b)(6).  See Dry Bulk Singapore Pte. Ltd. v. M/V AMIS INTEGRITY, No. 3:19-CV-01671-IM, 2023 WL 2526369, at *8 (D.Or. Mar. 15, 2023).  ("To state a claim for wrongful arrest of a vessel, a plaintiff must plead facts showing that the seizing party acted in bad faith, with malice, or with gross negligence.")  Defendant alleges that Plaintiff "contractually chose" to apply Spanish law to the parties' contract when it knew, or should have known, that Spanish law did not create a maritime lien allowing for arrest.  Defendant also claims that Plaintiff ignored its own standard contract terms in bringing this action which provided for mandatory arbitration, required pre-suit mediation, and "exclusive" jurisdiction of the Courts of Barcelona.  (ECF Nos. 37-1 and 37-2).  While Plaintiff alleges that there was a "valid repair agreement" for the work performed (ECF No. 34 at p. 6), it has previously asserted in this case that its standard contract terms were never signed by Defendant, and, thus, do not apply. Accordingly, there are factual disputes in this matter as to the form of the actual repair agreement, if any, and its terms.  The bottom line is that Defendant alleges sufficient facts to support a

plausible wrongful arrest claim that Plaintiff acted in bad faith, or with gross negligence, when it initiated this arrest proceeding.

Second, Plaintiff seeks dismissal of Count Two of the Counterclaim alleging breach of contract. It argues that Defendant has failed to sufficiently plead facts in support of its claims of unauthorized work, overcharges, faulty workmanship, and damaged materials. Applying the Rule 12(b)(6) lens, Defendant has adequately plead a plausible breach of contract claim at this stage, and I recommend that Plaintiff's Motion to Dismiss be denied. Plaintiff's desire for more factual specificity is not a basis for dismissal in this instance and better pursued through the pretrial discovery process.

Count Two of Defendant's Counterclaim for breach of contract includes a request for the posting of Rule E(7) Countersecurity in the amount of $500,000.00. (ECF No. 64 at p. 7). However, at the hearing, Defendant's counsel argued for countersecurity in the reduced amount of $150,000.00. Plaintiff primarily moves to strike the request because Defendant's Breach of Contract Counterclaims are "frivolous and retaliatory." (ECF No. 66 at p 8).[2]

The parties agree on two fundamental points. First, Defendant is not entitled to Rule E(7) countersecurity for its wrongful arrest damages claimed in Count One. See Incas & Monterey Printing & Packaging, Ltd. V. M/V Sang Jin, 747 F.2d 958, 964-966 (5th Cir. 1984). Second, it is undisputed that the Court possesses "broad discretion" as to whether to order countersecurity and, if so, the amount. Aracruz Trading, Ltd. V. Kolmar Grp. AG, 2015 WL 269141, at *4-6 (D. Conn. Jan. 21, 2015).

---

[2] Plaintiff also argued at the hearing that security was not necessary because it has a United States presence in this District which could satisfy any unlikely counterclaim judgment against it. Plaintiff has not, however, provided any detail or substantiation of this claimed presence, or verification that it would be subject to execution on a judgment issued in this District.

Applying that broad discretion, I conclude that Plaintiff has not shown that Count Two is completely frivolous and that it should be required to post countersecurity regarding the claims for damages due to faulty workmanship. Defendant has not, however, provided any reasonable basis for the Court to require countersecurity for its claims of unauthorized work and overcharges. Although Defendant apparently made substantial payments to Plaintiff, it is undisputed that Defendant never made any of the payments to Plaintiff required by the Debt Recognition Agreement or payments for any of the services allegedly provided after such Agreement was executed. Defendant also fails to provide any reasonable accounting of the amounts of any alleged overpayments actually made to Plaintiff for unauthorized work.

As to the repair and other costs allegedly incurred by Defendant due to faulty workmanship, the Counterclaim provides detail as to only two items – the windscreen and the furler. (ECF No. 64 at p. 6). The Counterclaim alleges expenses related to such items totaling $52,802.24 (when converted to U.S. Dollars) plus an unspecified amount for "labor cost" to install the replacement windscreen and surveyor's fees of approximately $24,000.00 in total as represented by counsel at the hearing. This amounts to $76,802.24 exclusive of the installation labor cost. Accordingly, the Court finds that the initial request for $500,000.00 in countersecurity (ECF No. 64 at p. 7) is excessive and that the reduced $150,000.00 request made by counsel at the hearing is not fully supported. On balance, the Court concludes that Defendant has made a sufficient showing to support Rule E(7) countersecurity in the total amount of $100,000.00. Thus I recommend that Plaintiff be ORDERED to post countersecurity in that amount.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motions to Dismiss Counterclaims and to Strike Request for Rule E(7) Countersecurity (ECF Nos. 65 and 66) be DENIED. I also

recommend that Plaintiff be ORDERED to post Rule E(7) Countersecurity in the amount of $100,000.00.

Any objections to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this Report and Recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 22, 2023